## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JOHN WATKINS** *et al*., | * | |
| *Plaintiffs* | * | |
| v. | * | Case No.: RWT 11-2257 |
| **JANET NAPOLITANO** *et al.* | * | |
| *Defendants.* | * | |

## <u>MEMORANDUM OPINION</u>

On August 15, 2011, Plaintiffs, John Watkins and Fatmata Gbonu Watkins filed a Complaint in this Court against Defendants, Janet Napolitano, Secretary of the Department of Homeland Security, Alejandro Mayorkas, Director of the United States Citizenship and Immigration Services (USCIS), Greg Collett, District Director of the Baltimore District of USCIS, and Eric Holder, Attorney General of the United States. *See* Compl.  In their Complaint, Plaintiffs allege that the Defendants unlawfully and unreasonably delayed the adjudication of Fatmata Gbonu Watkins' immigrant petition for alien relative and unlawfully denied Fatmata Gbonu Watkins' Adjustment of Status application. *Id.*  Pending before the Court is Defendants' Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6).

## <u>Background</u>

Plaintiff John Watkins resides in Hyattsville, Maryland and is a natural citizen  of the United States. *Id.*  ¶ 10.  Plaintiff Fatmata Gbonu is a native and citizen of Sierra Leone who first entered the United States in November 1992 as a conditional resident. *Id.*  ¶ 11; *See* Defs. Mot.,  Ex. 1, Form I-130, ECF No. 10-1.   Both Plaintiffs are married to one another. Compl. ¶

11.   On May 5, 2005, the Department of Homeland Security initiated removal proceedings against Mrs. Watkins on the basis that her status as a conditional resident had terminated.  *See* Defs. Mot., Ex. 2, Notice to Appear, ECF No. 10-2.  On or about June 22, 2005, Mr. Watkins filed a Form I-130 Petition for Alien Relative with USCIS, seeking a spousal visa for Mrs. Watkins.[1]  *See* Defs. Mot., Ex. 1, Form I-130, ECF No. 10-1.  On November 16, 2006, Mrs. Watkins filed with USCIS a Form I-485 Application to Register Permanent Residence or Adjust Status.  *See* Defs. Mot., Ex. 3, Form I-485, ECF No. 10-3.[2]  The basis of Mrs. Watkins's adjustment application was Mr. Watkins's pending Form I-130 visa petition.  *Id.* at 1.  USCIS denied Mrs. Watkins's Form I-485 adjustment application on May 10, 2007, because Mrs. Watkins was subject to removal proceedings and USCIS lacks jurisdiction during the pendency of removal proceedings.  *Id.* at 1; *see also* Compl. Ex. 5, ECF No. 1-6.

Plaintiffs filed the instant action to compel USCIS to adjudicate Mr. Watkins's I-130 visa petition and challenge the denial of Mrs. Watkins's I-485 adjustment application.  Specifically, the Plaintiffs ask this Court to (1) declare that USCIS's failure to adjudicate the Form I-130 visa petition is unlawful; (2) issue a permanent injunction ordering USCIS to adjudicate the Form I-130 visa petition within thirty days; (3) adjudicate the Form I-130 visa petition; (4) issue a

---

[1] A U.S. citizen may file an immediate relative visa petition with the USCIS—a Form I–130—on behalf of an alien-spouse or alien-child. *See* 8 U.S.C. § 1154(a)(1)(A)(i); 8 C.F.R §§ 204.1(a)(1) and 204.2(a). USCIS is to conduct an investigation of every Form I–130 petition, in part to determine whether the marriage is valid. *See* 8 U.S.C. § 1154(a)-(b). If the USCIS determines the marriage is "valid," then it "shall" approve the Form I–130 petitions for the spouse and children. See 8 U.S.C. § 1154(b).

[2] Approval of the Form I–130 petition allows an alien immediate relative who is lawfully in the United States under a temporary visa to apply for adjustment of status—a Form I–485 application.  In order to expedite the process, Form I–485 applications are often filed around the same time Form I–130 petitions are filed.  *See, e.g., Freeman v. Gonzalez*, 444 F.3d 1031, 1033 (9th Cir. 2006). As soon as the Form I–130 petition is approved, the USCIS may process the Form I–485 application.

permanent injunction ordering USCIS to "reinstate and legally and properly adjudicate" Mrs. Watkins's Form I-485 adjustment application within thirty days; (5) declare that USCIS "failed to properly adjudicate" Mrs. Watkins's Form I-485 adjustment application; and (6) set aside USCIS's denial of Mrs. Watkins's Form I-485 adjustment application.

On November 9, 2011, nearly three months after the Complaint was filed in this Court, USCIS issued a Notice of Intent to Deny Mr. Watkins's Form I-130 visa petition. *See* Defs. Mot., Ex. 4, Notice of Intent to Deny, ECF No. 10-4. In this notice, USCIS explained that it intended to deny the visa petition pursuant to 8 U.S.C. § 1154(c) because it had concluded, after investigation, that: (1) Mrs. Watkins had previously entered into a fraudulent marriage with another U.S. citizen for the purpose of evading immigration laws, and (2) the Watkins' current marriage is likewise a sham, entered into to evade immigration laws. *Id*. USCIS gave Mr. Watkins 30 days to respond to and rebut the allegations set forth in the Notice of Intent to Deny, but he failed to do so. *Id.* at 11-12. On January 5, 2012, USCIS formally denied Mr. Watkins's Form I-130 visa petition on the basis of Mrs. Watkins's previous and current sham marriages. *See* Defs. Mot., Ex. 5 Notice of Decision, ECF No. 10-5.

## Discussion

### A. Because USCIS's subsequent denial of the I-130 visa petition renders Plaintiffs' I-130 claims moot, this Court lacks subject matter jurisdiction as to these claims.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges whether the court has subject matter jurisdiction to adjudicate a plaintiff's claims. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "[T]he moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg, & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The Constitution limits the subject matter jurisdiction of federal courts.   A federal court will have jurisdiction only if the issue before the court is a "case or controversy."  *See* U.S. Const. art. III, § 2, cl. 1.   Justiciability is the term of art used to explain the limits placed on federal courts by the case or controversy doctrine.   *Flast v. Cohen*, 392 U.S. 83 (1968).  To be justiciabile, the plaintiff the issue brought before the court cannot be moot.  *Renne v. Geary*, 501 U.S. 312, 320-321 (1991). A case is moot if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *See Powell v. McCormack*, 395 U.S. 486 (1969).  Cases are also moot if a court can no longer provide relief because a change in events renders the relief to be meaningless.  *Hall v. Beals*, 396 U.S. 45, 48 (1969).  The defendant has the burden of establishing that a case is moot.  *United States v. W.T. Grant Co*., 345, U.S. 629, 632-633 (1953).   These general principles apply with equal force in the mandamus context. *See Tran v. Holder*, No. 10-2503, 2011 WL 3236098, at *2 (D. Md. July 27, 2011) (citing 52 Am.Jur.2d Mandamus § 45 (2011 supp.)) ("Mandamus will not issue in the case of . . . moot questions.")).

Plaintiffs claim that there was "unreasonable delay" in adjudicating the I-130 spousal petition rests on the Mandamus Act, 28 U.S.C. § 1361, and section 555(b)1 of the APA.  *See* Compl., ECF No. 1, ¶¶ 1, 3, 4, 10, 26-28, 30, 31.)   The APA requires that "[w]ithin a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). A reviewing court has the power to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The APA only empowers a court to compel agency action that is "ministerial or non-discretionary." *See Vermont Yankee Nuclear Power Corp. v. Nat'l Res. Defense Council, Inc*., 435 U.S. 519, 546 (1978). The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a clear nondiscretionary duty."

*Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988).  In order to show that the government

owed a clear nondiscretionary duty to the petitioner, "the petitioner must show that he has the

clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular

act requested; and that no other adequate remedy is available."  *See Goumilevski v. Chertoff*,

2007 WL 5986612 at * 4 (D. Md. July 27, 2007) (citing *Asare v. Ferro*, 999 F. Supp. 657, 659

(D.Md. 1998)).

In the present case, the Plaintiffs' petition for a writ of mandamus is moot because the

USCIS has already adjudicated petitioner's Form I-130.[3] *See Mohammed v. Holder*, 695 F. Supp.

2d 284, 289 (E.D. Va. 2010) (dismissing as moot petition for writ of mandamus to compel

USCIS to adjudicate adjustment application when USCIS had already adjudicated the

application).[4]

> **B.  Plaintiffs fail to state a claim as to the Form I-485 adjustment application and the Form I-130 petition.**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

sufficiency of the complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*,

510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the

plaintiff.  *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

---

[3] For the same reason, the Court also lacks jurisdiction over the Watkins' Fifth Amendment Due Process claim, in which they argue that USCIS's "failure to take all steps necessary to adjudicate [Mr.] Watkins's Petition for alien relative in a reasonable time" and "failure to properly adjudicate and/or unreasonably delay [Mrs. Watkins's] application for adjustment of status" violate the Due Process Clause of the Fifth Amendment.

[4]  In their reply brief, Plaintiffs argue that the Court has jurisdiction to consider their Form I-130 claims because the Complaint is a challenge to USCIS's January 5, 2012 decision denying Mr. Watkins's spousal petition.  *See* Pls. Resp., ECF No. 11 at 2.  Although Plaintiffs are free to challenge USCIS's January 5, 2012 in any future complaint, this complaint cannot be reasonably construed as a challenge to decision that post-dated its filing.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 1950; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "'Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

Here Plaintiffs fail to state a claim as to the Form I-485 adjustment application. To the extent that the Complaint can be construed as a claim for permanent injunctive relief for USCIS to "reinstate and legally and properly adjudicate" Mrs. Watkins's Form I-485 adjustment application, Plaintiffs have not alleged enough facts to support each of the four permenant injunction factors. *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (citing *eBay Inc. v. MercExchange*, LLC, 547 U.S. 388 (2006) (stating that a plaintiff is entitled to a permanent injunction only if he can demonstrate that (1) he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff

and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.).

Plaintiffs' APA challenge as to USCIS's I-485 adjustment application also falls short of the plausibility standard required under Rule 12(b)(6).  Because the I-485 decision was premised on USCIS's finding that it lacked jurisdiction while removal proceedings were pending, Plaintiffs have an obligation to plead facts demonstrating how this decision was in any way erroneous or contrary to the law.  Plaintiffs did not provide this type of factual detail.  *See* Compl. Ex. 5, ECF No. 1-6 (incorporating through an attachment to the complaint USCIS's notice to Ms. Watkins detaling the basis for the I-485 application denial); *id.* ¶ 5 ("Defendants' have unlawfully and unreasonably denied and delayed Gbonu's AOS for which she is otherwise eligible"); *id.* ¶ 26 ("USCIS Defendants and Defendant HOLDER have a custom and practice of …wrongfully denying Plaintiff Gbonu's application to adust her status to permanent resident").

Even if the Court has jurisdiction over Plaintiffs' Form I-130 claims, these claims lack the factual specificity required to survive a motion to dismiss.  *See* Compl. ¶ 26 ("USCIS Defendants and Defendant HOLDER have a custom and practice of unlawfully withholding, unreasonably delaying the adjudication of Plaintiff Watkins' petition for alien relative…"); *id.* ¶ 28 ("All Defendants have a custom and practice of failing to take all steps necessary to adjudicate Watkins's petition for alien relative within a reasonable time …"); *id.* ¶ 30 ("USCIS Defendants and Defendant HOLDER's failure to adjudicate Watkins's petition for alien relative within 180 days of the date of its submission or an otherwise reasonable amount of time violates 5 U.S.C. §§ 555(b) and 706(1) and 8 U.S.C. § 1571(b)").  Again, Plaintiffs do not provide the facts and circumstances necessary to support an inference that USCIS's delay in adjudicating the Form I-130 claim was unreasonable).

## <u>Conclusion</u>

For the aforementioned reasons, Defendants' Motion to Dismiss shall be granted.   A separate Order follows.

Date: <u>September 13, 2012</u>                                         _____/s/_____

                                                                                          ROGER W. TITUS
                                                                                   UNITED STATES DISTRICT JUDGE